UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JANE MARKS,

         Plaintiff,  **Docket No.: 11-CV-0609**

   -against-

              **(NRB)**

CLUB MED SALES, INC., CLUB
MEDITERRANEE, SOCIETE HOTELIER DU  **ANSWER**
CHABLAIS and SNC LA CARAVELLE 2006,

         Defendants.
-----------------------------------------------------------------x

  Defendants, CLUB MED SALES, INC. and CLUB MEDITERRANEE, S.A. s/h/a CLUB MEDITERRANEE, by their attorneys, STRONGIN ROTHMAN & ABRAMS, LLP, answering the Complaint of the Plaintiff, state as follows:

  1. Deny each and every allegation contained in paragraph "1" of the Complaint.

  2. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

  3. Admit each and every allegation contained in paragraph "3" of the Complaint.

  4. Admit each and every allegation contained in paragraph "4" of the Complaint.

  5. Deny each and every allegation contained in paragraph "5" of the Complaint but beg leave to refer all questions of law to the court at the trial of this action, except admit that Defendant, SOCIETE HOTELIER DU CHABLAIS, is a corporation incorporated under the laws of France.

6. Deny each and every allegation contained in paragraph "6" of the Complaint but beg leave to refer all questions of law to the court at the trial of this action, except admit that Defendant, SNC LA CARAVELLE 2006, is a corporation incorporated under the laws of France.

7. Deny each and every allegation contained in paragraph "7" of the Complaint but beg leave to refer all questions of law to the court at the trial of this action.

8. Deny each and every allegation contained in paragraph "8" of the Complaint but beg leave to refer all questions of law to the court at the trial of this action.

9. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Admit each and every allegation contained in paragraph "10" of the Complaint.

11. Admit each and every allegation contained in paragraph "11" of the Complaint.

12. Deny each and every allegation contained in paragraph "12" of the Complaint.

13. Deny each and every allegation contained in paragraph "13" of the Complaint.

14. Deny each and every allegation contained in paragraph "14" of the Complaint except admit that upon information and belief the Defendant, SOCIETE

HOTELIER DU CHABLAIS, operated the Club Med resort in La Caravelle, Guadelupe.

15. Admit each and every allegation contained in paragraph "15" of the Complaint.

16. Deny each and every allegation contained in paragraph "16" of the Complaint except admit that upon information and belief the Defendant, SNC LA CARAVELLE 2006, owned the buildings of the Club Med resort in La Caravelle, Guadelupe.

17. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

18. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

19. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21. Deny each and every allegation contained in paragraph "21" of the Complaint.

22. Deny each and every allegation contained in paragraph "22" of the Complaint.

23. Deny each and every allegation contained in paragraph "23" of the Complaint.

24. Deny each and every allegation contained in paragraph "24" of the Complaint.

25. Deny each and every allegation contained in paragraph "25" of the Complaint.

26. Deny each and every allegation contained in paragraph "26" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in her activities and such risks were assumed and accepted by her in performing and engaging in such activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss,

including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source programs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. The Complaint of plaintiff should be dismissed on the grounds that this jurisdiction is an improper jurisdiction under the doctrine of forum non-conveniens.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. Defendant hereby incorporates and asserts all applicable defenses existing under the laws of Guadelope, the federal laws of France or any state(s) and/or under doctrines and principles of international law, which the court determines are applicable to the instant litigation pursuant to any choice of law decision made in the future.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. Any injuries and damages, suffered by plaintiff was caused and/or contributed to by virtue of the contributory negligence of the plaintiff, and therefore, one or more of the causes of action are barred under the laws of Guadelope.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant did not exercise supervision or control and was not obligated to exercise supervision or control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. Defendant CLUB MED SALES, INC. expressly disclaimed liability in regard to plaintiff's claims in the applicable brochure and/or travel voucher containing the terms and conditions of plaintiff's vacation package.

**WHEREFORE,** this answering defendant demands judgment dismissing the Complaint, together with the attorney's fees, costs and disbursements of this action.

Dated:   New York, New York
         April 21, 2011

                              Yours, etc.

                              STRONGIN ROTHMAN & ABRAMS, LLP

                              _____
                              DAVID ABRAMS, ESQ. (DA-4758)
                              Attorneys for Defendants
                              CLUB MED SALES, INC. and CLUB
                              MEDITERRANEE, S.A. s/h/a CLUB
                              MEDITERRANEE
                              5 Hanover Square, 4th Floor
                              New York, NY 10004
                              (212) 931-8300

TO:

LAW OFFICES OF DANIEL W. ISAACS, PLLC
305 Broadway, Suite 202
New York, NY 10007
(212) 925-3000
Attorney for Plaintiff

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF NEW YORK )

LYUDMILA TIMOSHENKO, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years, and resides in Middlesex County, New Jersey. That on this 21st day of April, 2011 she served the within **ANSWER** upon:

Daniel W. Isaacs, Esq.
Law Offices of Daniel W. Isaacs, PLLC
305 Broadway, Suite 202
New York, NY 10013
Attorneys for Plaintiff
(212) 925-3000

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York, by Regular Mail.

_____
LYUDMILA TIMOSHENKO

Sworn to before me this
21st day of April, 2011

_____
NOTARY PUBLIC

HOWARD E. STRONGIN
Notary Public, State of New York
No. 02ST4758421
Qualified in NASSAU County
Commission Expires DECEMBER 31, 20 14